IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-109-FL
No. 5:16-CV-234-FL

| | | |
|---|---|---|
| JAMES TAYLOR, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 37), wherein he asserts a claim pursuant to <u>Johnson v. United States</u>, __ U.S.__, 135 S. Ct. 2551 (2015). The government has responded to petitioner's motion to vacate, conceding that petitioner should be resentenced in light of <u>Johnson</u>, and <u>United States v. Gardner</u>, 823 F.3d 793 (4th Cir. 2016). (DE 45). Also before the court is petitioner's unopposed motion to expedite hearing. For the following reasons, the court grants the motion.

**COURT'S DISCUSSION**

Petitioner pleaded guilty and was convicted of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Based on petitioner's prior convictions under North Carolina law for common law robbery, as well as robbery with a dangerous weapon, the court sentenced petitioner to a 135 month term of imprisonment, pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). That sentence was in excess of the 120 month statutory maximum sentence typical of § 922(g) convictions. <u>See</u> 18 U.S.C. § 924(a). The court entered a sealed order amending judgment on February 2, 2016.

Petitioner's convictions for common law robbery no longer are "violent felonies" in light of Johnson, United States v. Welch, 136 S. Ct. 1257 (2016), which held Johnson to be retroactive on collateral review, and Gardner. See 18 U.S.C. § 924(e)(2)(B). Accordingly, as the government concedes, petitioner lacks the requisite three predicate felony convictions to qualify as an "armed career criminal" under the ACCA and must be resentenced. See id. § 924(e)(1). As noted in the motion to expedite, petitioner currently is serving a sentence of 95 months and is incarcerated at FCI Beckley, with an expected release date of March 29, 2020.

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate, (DE 37), and grants the motion to expedite hearing. (DE 46). The clerk is DIRECTED to schedule petitioner for resentencing at during the next scheduled criminal sentencing term of court. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

SO ORDERED, this the 25th day of January, 2017.

LOUISE W. FLANAGAN
United States District Judge